**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Final Report: April 12, 2024
Date Submitted: April 11, 2024

Catherine A. Gaul, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801

Gary W. Lipkin, Esquire
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801

RE: *Timothy James O'Neil-Dunne v. Phoenicia LLC*,
C.A. No. 2023-0987-BWD

Dear Counsel:

In this summary proceeding under 6 *Del. C.* § 18-305, the parties have, in large part, resolved Timothy James O'Neil-Dunne and MALT Family Trust's ("Plaintiffs") demands to inspect books and records of Phoenicia LLC (the "Company") and its subsidiaries. They seek guidance, however, on a form of order to implement their resolution. The parties therefore have stipulated to submit the dispute to me for a final adjudication pursuant to 10 *Del. C.* § 350[1] via cross-motions

---

[1] *See* Order Regarding Cross-Mots. at 1, Dkt. 32; *see also* 10 *Del. C.* § 350 ("The parties in any matter may stipulate to a final adjudication of the matter by a Magistrate of the Court of Chancery. In such a stipulation, the parties shall consent that the decision of the Magistrate shall have the same effect as a decision of a member of the Court of Chancery. Appeals from decisions of the Magistrate in a matter governed by such a stipulation shall be determined in all respects by the same procedural and substantive standards as are applicable to appeals from decisions of members of the Court of Chancery.").

for entry of a final order (the "Motions"). *See* Pls.' Mot. For Entry Of Order Confirming Produc. Of Books And Rs. And Dismissing Action [hereinafter, "Pls.' Mot."], Dkt. 33; Def. Phoenicia LLC's Cross-Mot. For Entry Of A Final Order Dismissing This Action [hereinafter, "Def.'s Mot."], Dkt. 35.[2]

The main disagreement presented in the Motions concerns how best to confirm that the Company's production is complete. *See* Pls.' Mot. ¶¶ 2, 8-10; Def.'s Mot. ¶¶ 3-4, 8-9. Plaintiffs contend that, because the Company claims it does not possess certain documents sought in the demands, it "should be required to commit to [that position] in an irrevocable and enforceable way." Pls.' Mot. ¶ 9. According to Plaintiffs, that goal can be accomplished through a detailed catalog of all documents in the Company's productions. *Id*. ¶¶ 2, 10. Plaintiffs therefore propose a thirty-two-page order that itemizes, by category, the hundreds of documents that the Company has produced in response to the demands. *See* [Proposed] Order Confirming Produc. Of Books And Rs. And Dismissing Action [hereinafter, Pls.' Proposed Order] ¶¶ 1-2, Dkt. 33.

The Company has rejected this approach, explaining that a detailed list of produced documents in a final order is "atypical" and seems designed "more for

---

[2] The parties have agreed not to file replies and to forgo oral argument. *See* Dkt. 31.

publicity reasons than anything else." Def.'s Mot. ¶ 8. The Company proposes, instead, a recital "represent[ing] that it believes its production to be substantially complete." Order at 3, Dkt. 35. But Plaintiffs respond that the Company's proposed representation, as written, is so hedgy that it is "toothless." Pls.' Mot. ¶ 10.

The parties will not be required to publicly catalog in the final order the hundreds of documents that the Company has produced in response to the demands—the production contains what it contains. But the Company must produce all outstanding documents responsive to the demands within fourteen days. That production should include documents from the Company's Israeli subsidiary[3] as well as a complete list of the Company's majority-owned subsidiaries.[4] Within five days of the completion of that production, the Company must certify that, to the best of its knowledge after reasonable investigation, its production is complete with respect to every category sought in the demands, with only those exceptions that the

---

[3] *See* Pls.' Mot. ¶ 16 ("Phoenicia has stated through counsel that it has not yet produced documents from its subsidiary based in Israel, AeroCRS and related companies. Phoenicia has stated it intends to produce those documents. Plaintiffs request that Phoenicia be ordered to do so in 14 days."); Def.'s Mot. ¶ 10 ("Any remaining production, such as those from the Israeli subsidiary, would be provided within two weeks, which Phoenicia believes is manageable."); Dkt. 13 at 2 ("[M]ost of the outstanding documents requested that remain outstanding are in the hands of subsidiaries, including one in Israel.").

[4] *See* Pls.' Mot. ¶ 12 ("Phoenicia has agreed repeatedly, since the outset of this litigation, to provide a list of its majority-owned subsidiaries. . . . A reliable list of subsidiaries is necessary for Plaintiffs to understand the document production.").

Company expressly identifies to Plaintiffs. A certification in that form should give Plaintiffs sufficient comfort that the Company has not strategically withheld documents from its productions.[5]

Separately, Plaintiffs ask the Court to order the production of "top level quarterly and annual financial statements for Flair [Airlines, Inc.]" ("Flair"), an entity in which the Company owns a 49% stake. *See* Pls.' Mot. ¶ 14; Pls.' Proposed Order ¶ 5. According to Plaintiffs, the Company has provided similar information in the past, and because "Flair is a major part of [the Company's] business," this information is "critical to enable O'Neil-Dunne to exercise his fiduciary duties on behalf of Phoenicia." Pls.' Mot. ¶ 14. The Company objects to this request on the

---

[5] *See, e.g.*, *Teamsters Loc. 443 Health Servs. & Ins. Plan v. Chou*, 2020 WL 5028065, at *2 (Del. Ch. Aug. 24, 2020) (explaining that where a final order in a books and records action requires certification that "[w]ith the exception of any documents included on the privilege log, to the best of [its] knowledge after reasonable investigation, the Company's production is complete with respect to every category of documents that the Company is required to produce," "if [a company] failed to produce a document that it would reasonably be expected to possess if a particular event had occurred, then the [P]laintiff[s] [are] entitled to a reasonable inference that the event did not occur" (citations, footnote, and internal quotation marks omitted)); *Hughes v. Xiaoming Hu*, 2020 WL 1987029, at *2 (Del. Ch. Apr. 27, 2020) (explaining that where a company stipulated that "any remaining materials requested by Plaintiff either do not exist or had been withheld on privilege grounds[,]" "if the Company failed to produce a document that it would reasonably be expected to possess if a particular event had occurred, then the plaintiff is entitled to a reasonable inference that the event did not occur" (citation and internal quotation marks omitted)).

grounds that Flair "is not controlled by [the Company] and is not a subsidiary[,]" and further cites confidentiality concerns. Def.'s Mot. ¶ 5 n.2.

By raising this request through the guise of an implementing order, Plaintiffs ask the Court to resolve the merits of their demands without a factual record. Because Plaintiffs have not proven their entitlement to documents from Flair—the Court has no basis to determine whether the Company controls these documents or if they are subject to any confidentiality restrictions—the final order will not require their production.

The Court will enter an order consistent with the guidance provided above.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

cc:     All counsel of record (by File & ServeXpress)